IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR. No. 00-141-02 L |
| | ) |
| HARRY J. BURDICK | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO REOPEN HIS 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

**INTRODUCTION**

On July 12, 2004 Harry J. Burdick ("Burdick") filed a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 18 U.S.C. § 2255 ("2255 Motion"). That § 2255 Motion was denied on October 29, 2004. He never pursued any appeal. Waiting until November 6, 2009, Burdick only belatedly moved to reopen the time to file a notice of appeal ("Motion to Reopen").[1] For the reasons set forth below Burdick's motion to reopen should be denied.

**ARGUMENT**

Burdick's Motion to Reopen seeks additional time in which to appeal from the denial of his § 2255 Motion (CA No. 04-283 L Doc. #6).[2] Burdick's Motion to Reopen was filed over five years after entry of the judgement. In his Motion to Reopen, Burdick makes the dubious and unsupported claim that he simply did not know that he could appeal the order denying his § 2255 Motion. Burdick requests additional time to appeal based on his 14th Amendment right to Due Process. Burdick does not identify what his ground for appeal is or even attempt to establish why that appeal would be successful.

---

[1] Burdick's Motion to Reopen is not certified. The CMECF copy is electronically dated as filed on November 6, 2009.

[2] Among his many procedural missteps, Burdick mistakenly filed this Motion to Reopen in his criminal case CR. No. 00-141-02 L (and further incorrectly designated the case number as "ML" rather than "L" in the caption). Burdick has actually moved to reopen the denial of his §2255 motion in CA No. 04-283 L.

It stretches credulity that Burdick could have been unaware of his right to appeal for five years after the denial of his § 2255 Motion and just now be so enlightened. Even if believed, that claim demonstrates a total lack of due diligence. To the contrary, it is due process, the orderly process of law and the necessity for finality of judgment that compels that this motion be denied.

An appeal from the denial of a § 2255 Motion requires a Certificate of Appealability ("COA"). See, e.g., Munoz v. United States, 331 F.3d 151 (1st Cir. 2003). Burdick has no COA.   However, the timing of appeals is governed by Fed. R. App. P. 4(a). United States v. London, 248 Fed. Appx. 889, 891 (10th Cir. 2007) (unpublished) (denying request for COA as untimely when filed beyond time allowed under the FRAP 4).

Under the provisions of Rule 4, any appeal by Burdick - either now or as of the time he filed his Motion to Reopen – would be untimely. He failed to file any notice of appeal within 60 days from the denial of his § 2255 Motion on October 29, 2004 (by December 27, 2004), as required by Rule 4(a)(1)(B), nor did he seek an additional 30 days (until November 27, 2004 ) to do so under Rule 4(a)(5). Although a district court may re-open the time to file an appeal for up to 14 days under Rule 4(a)(6), Burdick likewise failed to timely request that action. Pursuant to Rule 4(a)(6)(B), a motion to re-set the time for appeal must be filed "within 180 days after the judgement or order is entered or within 7 days after the moving party receives notice of the entry [of judgment or ruling], *whichever is earlier."* (Emphasis added.) See 28 U.S.C. § 2107(c)(same). Burdick's §2255 Motion was denied on October 29, 2004, but his Motion to Reopen was not filed until November 6, 2009, well past 7-day deadline and even after the 180-day deadline.

The time requirements under Rule 4(a) are jurisdictional. See Bowles v. Russell, 551 U.S. 205, 209-210 (2007). See also Couture v. United States, 620 F.Supp.2d 155, 158 (D.Mass. 2009) (Rule 4(a)(6) deadline strictly enforced despite any unfairness). Thus, Burdick has no recourse at this juncture to appeal the denial of his § 2255 claim, and this Court cannot grant him the relief he seeks. It follows that Burdick's motion to reopen must be denied.

**CONCLUSION**

      For all the foregoing reasons, Burdicks Motion to Reopen the time to appeal this Court's October 29, 2004 Order denying his § 2255 Motion should be denied.

                                                Respectfully submitted,

                                                United States of America
                                                By its Attorneys


                                                PETER F. NERONHA
                                                United States Attorney


                                                /s/ GERARD B. SULLIVAN
                                                GERARD B. SULLIVAN
                                                Assistant U.S. Attorney
                                                50 Kennedy Plaza
                                                Providence, RI 02903
                                                Tel: 401-709-5000
                                                Fax: 401-709-5001

## CERTIFICATE OF SERVICE

On this 4th day of November, 2010, I caused the Government's Response to Defendant's Motion to be filed electronically and it is available for viewing and downloading from the ECF system.

First class postage prepaid to:

Harry J Burdick
FCI
P.O. Box 5300
Adelanto, CA 92301

/s/ GERARD B. SULLIVAN
GERARD B. SULLIVAN
Assistant U.S. Attorney
50 Kennedy Plaza
Providence, RI 02903
Tel: 401-709-5000
Fax: 401-709-5001