UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
    v.                              )   Cr No. 00-141 S
                                    )
HARRY J. BURDICK,                   )
                                    )
        Petitioner.                 )
_____)

## ORDER

WILLIAM E. SMITH, Chief Judge.

Before the Court is Petitioner Harry J. Burdick's "Request for Certificate of Appealability and Evidentiary Hearing on New Grounds." (ECF No. 342.) A review of the docket in this case reveals the following procedural history: In 2002, Petitioner pled guilty to charges of conspiracy to commit carjacking and carjacking with death resulting, and he was sentenced to life in prison. (Order, Lagueux, J., ECF No. 325.) In 2004, Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 on the grounds of ineffective assistance of counsel was denied. (CA No. 04-283, Order, Lagueux, J., ECF No. 6.) In 2011, Petitioner's Motion to Reopen the § 2255 Motion was denied. (CA No. 04-283, Order, Lagueux, J., ECF No. 16.) In 2014, Petitioner filed a Motion for Reconsideration of his sentence and a Motion to Reduce his sentence. (Cr. No. 00-141, ECF Nos. 322, 323.) These motions were denied on September 10, 2014 on

the bases that one may not request relief a second time pursuant to 28 U.S.C. § 2255 without certification from the Court of Appeals and that Petitioner's arguments were completely without merit. (Cr. No. 00-141, Order, Lagueux, J., ECF No. 325.) The instant Request for a Certificate of Appealability and an evidentiary hearing was filed almost two years later, in June 2016.

To the extent that the instant motion requests an evidentiary hearing on the four grounds Petitioner articulates, the Court finds that Petitioner has simply rephrased the arguments that were previously found to lack merit and held to be not timely raised. In addition, there is no indication that Petitioner either sought a certificate of appealability from the Court of Appeals regarding the Court's September 2014 Order (ECF No. 325) or that he filed a notice of appeal from that Order with this Court.

To the extent that Petitioner seeks a certificate of appealability at this time for the September 2014 Order, the request is not timely made because the time in which Petitioner could have appealed from the September 2014 Order has expired. See Fed. R. App. P. 4(a) (notice of appeal must be filed within 30 days after the order appealed from is entered). In addition, Petitioner has not made a substantial showing of the denial of a

constitutional right, as he must before the Court may issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.").

Petitioner's "Request for Certificate of Appealability and Evidentiary Hearing on New Grounds" (ECF No. 342) is DENIED.

<u>RULING ON CERTIFICATE OF APPEALABILITY FOR THIS ORDER</u>

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Courts, this Court hereby finds that this Order is <u>not</u> appropriate for the issuance of a certificate of appealability because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as to any claim, as required by 28 U.S.C. § 2253(c)(2). Petitioner is advised that, also pursuant to Rule 11(a), any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: April 13, 2017